# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| PAUL F. CARUANA, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 3:01-1567 |
| | ) Judge Sharp |
| DAN J. MARCUM, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

The Magistrate Judge has entered a Report and Recommendation ("R & R") (Docket No. 386) recommending that the Motion for Summary Judgment filed by Defendants Dan J. Marcum, C. Dennis Hyde, A. Paul Bass, III, Joe E. Lester, Tommy Poston, and Tennessee Motors, Inc. (collectively "Defendants") (Docket No. 317) be (1) granted as to the claims of Plaintiff Diane Fitch ("Fitch") and as to Plaintiff Paul Caruana's ("Caruana's") claims for defamation, false light invasion of privacy, failure to indemnify, and failure to deliver personal property, but (2) denied as to Caruana's claims for fraud, breach of contract, breach of fiduciary duty, conspiracy, and concert of action. The Magistrate Judge also recommends that Defendant Ray's Motion for Summary Judgment (Docket No. 320) be denied, including Caruana's claim for legal malpractice.

Under Rule 72(b) of the Federal Rules of Civil Procedure, the Court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b). Upon that review, the Court may "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Id.

Caruana has filed a "Response to the Magistrate's Report and Recommendation," indicating

1

that, while he generally does not object to the R & R, he "merely requests that the Order dismissing his claims for indemnification and return of personal property based upon the court's declining to continue to exercise supplemental jurisdiction as to these state law claims specify that the dismissal is without prejudice to re-filing these claims in state court." (Docket No. 395 at 1). This argument is well-taken.

In the R & R, the Magistrate Judge specifically noted that "[n]either of these claims would be expected to be resolved in the same judicial proceeding as the . . . federal claims asserted in this lawsuit, as they do not derive from a common set of operative facts, but only share a 'broad, but-for, causal' derivation as matters also contested by parties who have had a serious falling out." (Docket No. 386 at 21). The Magistrate Judge also observed that "[t]he continued exercise of supplemental jurisdiction over these claims is thus improper." (Id.). Clearly this is not a merits resolution of Caruana's indemnification and return of personal property claims, a resolution which was virtually impossible given what the Magistrate Judge characterized as "the underdeveloped summary judgment record and the vast unhelpfulness of the parties' briefs on these point[.]" (Id. at 20). Rather than granting summary judgment on these two claims, the Court will dismiss them without prejudice.

Defendant Ray has filed lengthy objections to the R & R (Docket No. 396). He claims: (1) the R & R fails to identify any material facts in support of Plaintiff's claims against him; (2) the R & R fails to demonstrate evidence that shows Ray was an officer or director of Tennessee Motors, Inc., and thus all claims based upon an alleged breach of fiduciary duty should be dismissed; (3) no genuine issues of material fact exist with respect to Caruana's claims for fraud, concert of action/civil conspiracy or breach of fiduciary duty; and (4) the claim for legal malpractice fails as

a matter of law because there is no evidence of damages.

The 25-page R & R is thorough and well-reasoned. Having reviewed the record, including Ray's Motion for Summary Judgment and his Objections, the Court finds that the Magistrate Judge properly concluded that triable issues fact exist on Caruana's fraud, civil conspiracy, concert of action, breach of fiduciary claims, and legal malpractice claims.

In arriving at this conclusion, the Court finds it necessary to address two points raised by Ray. First, Ray criticizes the Magistrate Judge for allegedly failing to recognize the distinction between a motion to dismiss and a motion for summary judgment because of the Magistrate Judge's reference to a prior Memorandum of Judge Nixon in this case. However, the Magistrate Judge referenced the Memorandum for the proposition that "[s]hareholders acting collectively and constituting a controlling force in a close corporation have a fiduciary duty to the remaining shareholders and must not act out of avarice, malice, or self-interest." (Docket No. 386 at 22 n.2 quoting, Memorandum, Docket No. 102 at 35). That was Tennessee law when Judge Nixon made the observation in early 2003, and it remains the law today. See, Rennell v. Through the Green, Inc., 2009 WL 2365564 at *2 (Tenn. Ct. App. July 31, 2009) (quoting, Hall v. Tennessee Dressed Beef, Co., 957 S.W.2d 536, 541 (Tenn.1997) for the proposition that "'the shareholders of a close corporation share a fiduciary relationship which imposes upon all shareholders the duty to act in good faith and fairness with regard to their respective interests as shareholders'").

Second, with respect to the legal malpractice claim, Ray asserts the R & R "itself provides only a single sentence analysis of the facts surrounding" that claim, and also argues that in responding to his Objections, "Plaintiff ignores the absence of any breach of a duty by Defendant Ray or the lack of proof that any harm was a proximate result of an alleged lack of disclosure."

(Docket No. 407 at 5 & 6). In so arguing Ray misconstrues the burdens of the respective parties, and misreads the R & R.

As the one moving for summary judgment, it is incumbent upon Ray to show "that there is no genuine dispute as to any material fact" and that he is "entitled to judgment as a matter of law," Fed. R. Civ. P. 56(c), and this remains so with regard to objections to an R & R. The Magistrate Judge spent over a page and a half discussing Ray's and Caruana's respective factual contentions respecting the legal malpractice claim, noting that there was "some dispute at nearly every turn," and, in fact, competing expert reports from the parties on the issue of whether Ray committed malpractice. (Docket No. 386 at 22-24). Even though Ray claims Caruana's contentions that Ray pushed him toward doing a deal with Marcum, advised him to refuse Caldwell's $175,000 cashier's check, promised to protect his interest, and had a conflict of interest in drafting the agreements "are all immaterial" to the legal malpractice claim (Docket No. 407 at 6), "'courts of law . . . scrutinize most closely all transactions between an attorney and his client,'" and "'the attorney has the burden of showing, not only that he used no undue influence, but that he gave his client all the information and advice which is (sic) would have been his duty to give if he himself had not been interested and that the transaction was as beneficial to the client as it would have been had the client dealt with stranger.'" Hager v. Fitzgerald, 934 S.W.2d 668, 670-71 (Tenn. Ct. App. 1996) (citation omitted). It will be for the jury to sort out the conflicting evidence, and ultimately determine whether Ray's duties of loyalty and independence were compromised when he represented multiple clients (with potentially conflicting, diverse and/or inconsistent interests) in several complex business transactions.

In addition to objecting to the recommendation regarding specific claims, Ray also argues

4

that the Court should decline to exercise jurisdiction over the remaining state law claims because of the absence of federal claims. This is also the basis of a "Defendants' Joint Motion to Dismiss for Lack of Subject Matter Jurisdiction" (Docket No. 393).

Ray and the other Defendants argue that "this Court must dismiss this action." (Docket No. 393 at 3). However, Section 1376(a) of Title 28 provides that, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

Further, while Ray cites various cases for the proposition that "the Court has a long established history of dismissing actions after federal claims are extinguished and where only non-supplemental state law claims remain," (Docket No. 407 at 8), the Court has also observed that "[t]he decision of whether to retain jurisdiction over state law claims upon the dismissal of the federal law claims asserted in an action is left to the broad discretion of the Court," Martin v. Metro. Gov't of Nashville and Davidson County, 2009 WL 396466 at *7 (M.D. Tenn. Feb. 13, 2009). Thus, even though "'in the usual case in which all federal law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims,'" in determining whether to exercise supplemental jurisdiction, "a court should consider factors such as judicial economy, convenience, fairness, and comity." Hollis v. Wilson County, 2009 WL 1651456 at *14 (M.D. Tenn. June 10, 2009) (citation omitted).

In the R & R, the Magistrate Judge found "that, considering the long pendency of this case, the substantial time and resources that have already been devoted to it by all involved, and the

5

additional delay that would attend its resolution in a new forum, the continued exercise of supplemental jurisdiction over the remaining state law claims is proper." (Docket No. 386 at 2). The Court agrees.[1]

This case has been pending for nearly 11 years - and although it was not around to see the demise of the Studebaker, this litigation has been around far too long. Furthermore, it contains over 400 docket entries, and has been the subject of an interlocutory appeal. Discovery has now been completed, and the Court has devoted substantial time and resources into resolving substantive issues in this case. It would be a colossal waste of time for all concerned for the Court to simply decline to exercise supplemental jurisdiction over the remaining state law claims, none of which raise novel or complex issues of state law.

Accordingly, the Court rules as follows:

(1) The R & R (Docket No. 386) is hereby ACCEPTED and APPROVED, except to the extent that it recommends granting summary judgment on Plaintiff Caruana's claims for indemnification and return of personal property;

(2) The Motion for Summary Judgment (Docket No. 317) filed by Defendants Dan J. Marcum, C. Dennis Hyde, A. Paul Bass, III, Joe E. Lester, Tommy Poston, and Tennessee Motors, Inc. Motion (Docket No. 317) is hereby GRANTED IN PART and DENIED IN PART, as follows:

(a) The Motion is GRANTED as to the claims of Plaintiff Fitch ("Fitch") and is

GRANTED as to Plaintiff Caruana's claims for defamation, and false light invasion

---

[1] This conclusion is not inconsistent with the conclusion that the claims for indemnification and return of property should be dismissed. Section 1367 allows for jurisdiction over related claims that "form part of the same case or controversy under Article III of the United States Constitution." 28 U.S. C. § 1367(a). As the Magistrate Judge noted the claims for indemnification and return of property (unlike the other state law claims) do not appear to arise out of the course of events which served as the basis for the previously dismissed or settled federal claims, to wit, Caruana's ouster from Tennessee Motors, Inc.

of privacy;

(b) The Motion is denied as to Plaintiff Caruana's claims for fraud, breach of contract, breach of fiduciary duty, conspiracy, and concert of action;

(3) Plaintiff Caruana's claims for indemnification and return of personal property are hereby DISMISSED WITHOUT PREJUDICE;

(4) Defendant Ray's Motion for Summary Judgment (Docket No. 320) and his corresponding Motion for Oral Arguments (Docket No. 322) are hereby DENIED;

(5) Defendant Ray's Objections to the R & R (Docket No. 396) are hereby OVERRULED; and

(6) Defendants' "Joint Motion to Dismiss for Lack of Subject Matter Jurisdiction" (Docket No. 393) is hereby DENIED.

It is SO ORDERED.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE