IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| PAUL F. CARUANA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 3:01-cv-01567 |
| | ) | Magistrate Judge Frensley |
| DAN J. MARCUM, et. al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM

This matter comes before the Court on *in Limine* motions 6-15 brought by Defendant Donald J. Ray ("Ray"), on October 10, 2016, to exclude aspects of Plaintiff's evidence on damages. Defendants C. Dennis Hyde, Joe E. Lester, and Dan J. Marcum adopted these motions. On October 14, 2016, Plaintiff and Defendant Ray gave notice to this Court that they have settled the dispute between them. Because remaining Defendants have adopted these motions, the Court addresses them below. However, a handful of the motions were specific to the nature of Plaintiff's dispute with Defendant Ray resulting in Plaintiff's responses to claims of hearsay inadmissibility, in some of these motions, to be unavailing.

**Defendant Ray's in Limine Motion 6-8 to 6) Exclude Statements Made by Buick Representatives to Paul Caruana; 7) Exclude Alleged Proposal to Sell Dealership to Michael C. Petty; and 8) Exclude Alleged Proposal to Buy Dealership from Larry Vickers**

Defendant Ray asserts that Plaintiff should be unable to insert into trial 6) the Buick Rep's reported dealership valuation as an assessment of TMI's value; 7) An offer of sale made by Plaintiff at $750,000 to Michael C. Petty; and 8) Larry Vicker's offer to buy TMI for $750,000. Defendant ultimately asserts that these "proposals" are inadmissible hearsay pursuant to Fed. R.

1

Evid. 802. Hearsay is a "statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed.R.Evid. 801(c). Hearsay is inadmissible unless it qualifies as an exception. Fed.R.Evid. 802.

Plaintiff essentially combines his responses[1] to these assertions by pointing out that his inclusion of these valuations in a supplemental brief responding to Defendant Ray's complaint was intended to show Defendant Ray that he was on notice of Plaintiff's damages because Plaintiff disclosed these valuations in his deposition. This argument specifically hinges on Plaintiff's introduction of these valuations as unintended to assert the value of the dealership (here, the truth of the matter asserted), but rather to make Defendant Ray aware of the particular damages Plaintiff is requesting. First, Defendant Ray is no longer a party to this suit rendering Plaintiff's explanation for introducing these valuations moot and irrelevant. Relevant evidence is that which has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401. "Evidence which is not relevant is not admissible." Fed.R.Evid. 402.

Second, Plaintiff ultimately concedes to using these statements (i.e. the Buick's rep's valuation), in response to Defendant Ray's earlier motion to dismiss, as incorporated into his assessment of his dealership's worth. This poses a quandary for Plaintiff who otherwise claims

---

[1] "The analysis is essentially the same for [MIL 7 and 8] and so Plaintiff only addresses MIL No. 7, and incorporates that response in his response to MIL No. 8 below . . . "and that deposition testimony gave [Defendant] Ray notice of what [Plaintiff] would claim as TMI's value for purposes of damages." (Docket No. 637 at 6).

that these assessments are not being used to put forth the value of his dealership.[2] Defendant Ray's 6-8 in Limine motions are GRANTED.

**Defendant Ray's in Limine Motion 9 to Exclude Evidence of Purported Deal with Gene Caldwell**

Defendant Ray moves to exclude evidence of Plaintiff's attempts at a deal with Gene Caldwell ("Caldwell") for TMI. Even Defendant Ray's statement of facts (Docket No. 326), make it clear that Caldwell's deal with Plaintiff involved the following: 1) he would assume liabilities of TMI and make an initial $275,000 capital infusion into TMI in exchange for operating control and 50% interest in TMI; 2) by the end of 2001 pay Plaintiff $750,000 for the remaining stock in TMI and $560,000 for the real estate, essentially buying out Plaintiff. The parties acknowledge that the agreement with Caldwell was breached by Mr. Caldwell's failure to perform. Both parties have alluded to that fact and it provides the reason Defendants entered into the agreements at issue in this case. Therefore, evidence related to the Caldwell agreement it relevant and admissible. To the extent that the agreement with Caldwell was actually reached, there is no prejudice to Defendants. This *in Limine* motion is DENIED.

---

[2] Plaintiff also asserts as a defense that had he been using the Buick rep's valuation, he would have valued his dealership between $800,000 and $1,000,000. However, this is similarly unavailing because he need not precisely follow Buick's algorithm to form his own calculation in order for this to qualify as hearsay. Plaintiff additionally cites to Childs to explain that the Buick rep's statement is evidence of a verbal act, not hearsay, but this also misses the mark. United States v. Childs, 539 F.3d 552, 559 (6th Cir. 2008) (internal quotation marks omitted). The Court explained that evidence of a verbal act is when the fact that a declaration was made is relevant, not the truth of the declaration. Childs, 539 F.3d at 559. But Plaintiff is using (and has used) Buick rep's valuation (statement made by an out of court declarant), by Plaintiff's own admission, to disclose what Plaintiff believes is TMI's value (to assert the truth of the matter asserted). It is therefore inadmissible hearsay.

**Defendant Ray's in Limine Motion 10 to Exclude Outline of Events Drafted by P. Caruana**

It's not immediately clear why Defendants do not want Plaintiff to be able to use his Outline of Events. Defendants assert that "Plaintiff's inclusion of this document on his Exhibit List suggests that he intends to introduce the entire document as "substantive evidence" (Docket No. 620 at 5) but this appears unsubstantiated. Defendants also assert, without offering more, that this is hearsay. This document was created by Plaintiff who will be a witness at this trial. Plaintiff intends to use it to rebut statements made by Defendants that he made contrary assertions to the statements made in the Outline of Events. However, Plaintiff concedes that the document might include hearsay, while also asserting that "hearsay within hearsay is not excluded by the rule against hearsay if each part of the combined statements conforms with an exception to the rule." Fed.R.Evid 805. This Court, without more from either party, is unable to decide at this time which components of Plaintiff's Outline of Events includes hearsay and does not. In order to avoid blanket exclusion, judgement on how Plaintiff can use his Outline of Events is hereby RESERVED.

**Defendant Ray's in Limine Motion 11 to Exclude the Transaction Summary as Evidence of Valuation or Damages**

Plaintiff and Defendants disagree whether this Transaction summary qualifies as a contract or a mere "agreement to agree." Either way, it is admissible and can be used by Plaintiff as evidence of valuation. Even if this "Transaction Summary" were a mere informal agreement, which the Court does not necessarily concede to, it still includes statements made by Defendant Marcum, in his representative capacity, which qualify it as admissible. "Generally, statements such as those in the affidavits and letter would be inadmissible as hearsay. See Fed.R.Evid. 801(c). Certain statements made by parties, however, fall outside of the hearsay definition if the

statements are offered against a party and the statements are made in the party's individual or representative capacity. Fed.R.Evid. 801(a) & 801(d)(2)(A)." Estate of Shafer v. C.I.R., 749 F.2d 1216, 1219 (6th Cir. 1984) (alterations in original). Since Defendant Marcum is a party to this action and was acting in his representative capacity at the time he engaged in this agreement with Plaintiff, this Transaction Summary is admissible under 801(d)(2)(A). This motion is DENIED.

**Defendant Ray's in Limine Motion 12 to Exclude Evidence of Attorney's Fees**

Parties dispute whether they contractually agreed to compensate the other for attorney's fees and Defendant Ray notes that if fees are recoverable, they will be decided by this Court at the end of trial and on submission of fee applications. Whether either party is entitled to recover attorney fees is not an issue for the jury therefore, Plaintiff may introduce evidence that he has incurred attorney fees however, he should not introduce any evidence regarding the amount of fees incurred. This motion is GRANTED.

**Defendant Ray's in Limine Motion 13 to Exclude Evidence Regarding Alleged Benefits Defendants Received in the Amount to Be Determined**

"Rule 26 of the Federal Rules of Civil Procedure requires a party to provide the opposing party 'a computation of each category of damages claimed' as well as 'the documents or other evidentiary material ... on which each computation is based, including materials bearing on the nature and extent of injuries suffered.'" Bessemer & Lake Erie R.R. Co. v. Seaway Marine Transp., 596 F.3d 357, 366–67 (6th Cir. 2010) (citing Fed.R.Civ.P. 26(a)(1)(A)(iii)). Plaintiff, as Defendant Ray asserts, has not included how he plans on calculating the "benefit the defendants received in an amount to be determined" in reference to sales the dealership made between January 1 and December 31, 2001. Plaintiff has not offered this Court any explanation on how

he intends to reach this result nor does Plaintiff excuse his inability to include materials that contribute to how he would reach this amount. Defendants in Limine Motion 13 is GRANTED.

**Defendant Ray's in Limine Motion 14 to Exclude Evidence Regarding Damages Plaintiff Stated would be Determined By Expert Proof**

Defendant Ray asks that Plaintiff be excluded from introducing evidence of damages that Plaintiff asserted would be determined by an expert witness, as a matter of estoppel and fairness. Plaintiff asserted, for over 13 years, that he would provide an expert witness for his damages calculation. This is undisputed. However, this Court determined that Plaintiff's damages computation was in compliance with Fed.R.Civ.P. 26(a)(1)(A)(iii)) and focused on Plaintiff's own transaction that formed the basis for his own estimate of the value of TMI. It appears as if Defendant Ray, as Plaintiff points out, is attempting to reuse reasons supplied in his Motion to Dismiss, which was denied by this Court on similar grounds. This *in limine* motion is DENIED.

**Defendant Ray's in Limine Motion 15 to Exclude Damages Based on Value of Property on Highway 231**

Defendant attempts, essentially, to assert that Plaintiff's inclusion of damages based on the value of property on Highway 231 is irrelevant. Relevant evidence has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401. This matter was fully adjudicated by the Circuit Court for Bedford County in 2013, after a petition for condemnation was filed against the Land by the Tennessee Department of Transportation. Ultimately, Plaintiff was paid $400,000 after the condemnation proceedings. Plaintiff asserts contrarily that the dealings up until the condemnation proceeding involved fraudulent activity including false promises made by Defendant Ray. While Defendant Ray is no longer a party to this suit, Plaintiff asserts that dealings preceding this transaction contribute to his calculation of

damages. Defendant Ray does not explain why these aspects of Plaintiff's reasoning would render including them irrelevant. As a result, this motion is DENIED.

## **CONCLUSION**

A separate order shall enter.

_____
**JEFFERY S. FRENSLEY**
**UNITED STATES MAGISTRATE JUDGE**